**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL INGRAM EL, | No. 19-16866 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01976-MCE-EFB |
| v. | |
| JOE CRAIL; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted September 8, 2020**

Before:    TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Michael Ingram El appeals pro se from the district court's judgment dismissing his action alleging breach of contract. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Naffe v. Frey*, 789

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1030, 1035 (9th Cir. 2015).  We affirm.

The district court properly dismissed plaintiff's action for lack of subject matter jurisdiction because plaintiff failed to allege plausibly that his action arose under a treaty of the United States, or diversity of citizenship.  *See* 28 U.S.C. §§ 1331, 1332(a); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (jurisdictional dismissal is warranted where claims are "made solely for the purpose of obtaining federal jurisdiction" (citation omitted)); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001) (requirements for asserting diversity under § 1332).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**